NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0576n.06

Case No. 18-4041

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 19, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| TIMMY STEVENS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| WARDEN. PICKAWAY CORRECTIONAL | ) | OHIO |
| INSTITUTION, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

_____/

Before: COLE, Chief Judge; MERRITT and LARSEN, Circuit Judges

**MERRITT, Circuit Judge.** Petitioner Timothy Stevens, the defendant in an Ohio state criminal trial, appeals the District Court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court dismissed Stevens' habeas petition but granted a certificate of appealability as to whether Stevens was denied a fair trial because a juror in the state trial, Noah Matthews, failed to disclose during *voir dire* that Stevens' alleged cousin, Travis Fischer, murdered Matthews' sister. For the following reasons, we **AFFIRM.**

## I.

On July 8, 2013, a Morgan County, Ohio, jury convicted Stevens of murder with a firearm specification, felonious assault with a firearm specification, having weapons while under disability, tampering with evidence, grand theft of a motor vehicle, and abuse of a corpse. He was also found to be a repeat offender. The trial court sentenced Stevens to an aggregate prison term of 36 years to life.

Stevens moved the court on several grounds, but at issue here is his motion for a new trial. Stevens attached to the motion for a new trial an affidavit from Gregory Meyers, Stevens' trial counsel, and obituaries indicating that Noah Matthews was the brother of Abi Matthews.[1] The trial court denied Stevens' motion for a new trial without holding an evidentiary hearing.

Stevens appealed to the state court of appeals, arguing that the trial court erred by (1) not granting a new trial and (2) not merging the charges of murder and felonious assault for sentencing purposes. The state court of appeals affirmed the issue of merger but reversed on the issue of the new trial, remanding to the state trial court to hold a hearing on the matter.

On June 17, 2014, the state trial court held a hearing on the motion for a new trial. Meyers and Matthews testified at the hearing. The trial court denied the motion for a new trial. Stevens again appealed to the state court of appeals.

The state court of appeals affirmed the trial court. Stevens then appealed to the Supreme Court of Ohio, which declined to accept jurisdiction. Finally, Stevens applied to the state court of appeals to reopen his direct appeal, which denied Stevens' application. Stevens then sought relief in the federal courts.

On September 20, 2016, Stevens filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued a Report and Recommendation recommending that the action be dismissed. Over Stevens' objections, the District Court adopted the Report and Recommendation and dismissed the action but granted the certificate of appealability as to this one issue.

---

[1] The affidavit states that, based on information received by Meyers after the verdict, he believes that Noah Matthews failed to disclose that his sister, Abi Matthews, was the victim of a rape and murder in 2009, and that if he had known, he would have moved to have Matthews excused for cause, and failing that, he would have tried to remove him by peremptory challenge. We note that peremptory challenges are not of constitutional dimension. *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000).

Further, Meyers states that, on additional information received after the verdict, he believes Stevens is related to Travis Fischer, who pled guilty to raping and murdering Matthews' sister. Meyers claims in his affidavit that he learned such information from Stevens, and Elizabeth Stevens, Stevens' mother.

## II.

The question on appeal is whether Stevens was denied a fair trial based on Matthews' failure to disclose during *voir dire* that his sister was murdered by Stevens' purported cousin.

"A district court's grant or denial of a petition for a writ of habeas corpus is reviewed de novo." *Adams v. Bradshaw*, 826 F.3d 306, 309 (6th Cir. 2016).

Habeas corpus relief shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). The "contrary to" provision allows a federal habeas court to "grant the writ if the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *See Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). The "unreasonable application" clause permits a federal habeas court "to grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts[.]" *Id.* at 413. A state court's finding of fact is presumed correct unless petitioner rebuts the presumption by "clear and convincing evidence." § 2254(e)(1).

Petitioner claims that Matthews intentionally omitted information during *voir dire* about his sister's murder. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548 (1984) governs claims of a juror intentionally omitting information. *See Dennis v. Mitchell*, 354 F.3d 511, 520 (6th Cir. 2003) (citing *Zerka v. Green*, 49 F.3d 1181, 1185 (6th Cir. 1995)). The *McDonough* test requires that, to obtain a new trial based on a juror's non-disclosure during *voir dire*, the defendant must show that (1) "a juror failed to answer honestly a material question on *voir dire*," and (2) "a correct response would have provided a valid basis for a challenge for cause." *Id.* at 521 (internal citations omitted).[2]

---

[2] In Ohio, a potential juror may be challenged for cause because the juror evinces "enmity or bias toward the defendant or the state" unless the court is satisfied that the juror will render an impartial verdict according to the law and the evidence; or "the juror is otherwise unsuitable for any other cause to serve as a juror." Ohio Crim. Rule

Whether the juror intentionally omitted the information affects how bias may be determined. "[W]here the omission was intentional, bias may be inferred." *English v. Berghuis*, 900 F.3d 804, 813 (6th Cir. 2018) (citing *Zerka*, 49 F.3d at 1186)). Bias may also be inferred in extreme situations, such as where the juror works for the prosecuting authority, is a close relative of a participant in a criminal trial, or "was a witness or somehow involved in the criminal transaction." *Smith v. Phillips*, 455 U.S. 209, 222 (O'Connor, J., concurring). In the absence of an extreme situation or an intentional omission, the petitioner must show actual bias. *See English*, 900 F.3d at 813. "Actual bias is bias in fact—the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *Teesh v. Bagley*, 612 F.3d 424, 437 (6th Cir. 2010) (internal quotation marks and citation omitted)

The first prong of *McDonough* is satisfied. Although Matthews did not answer a question untruthfully, he did fail to answer a material question asked by Meyers to the venire:

> How about family and friends? Who's had a person you would call close, whether friend, family, now or formerly, good friend that was the victim of a violent offense?

No one responded to the question.

Stevens fails *McDonough*'s second prong, however. Stevens' claim is based mostly on Matthews' failure to answer the above question. At the hearing on the motion for a new trial, Matthews stated why he did not respond. When asked by defense counsel, Matthews stated, "I'm not -- I'm not biased. I mean, what happened in the past, happened in the past." Mathews also stated that he understood the question but decided not to answer it. In response to the state's questioning, Matthews said that, because the question was posed to the entire venire, he thought answering the question was voluntary. Matthews claimed that he was not trying to conceal his sister's murder and that although he still thinks about his sister's death, "you got to move on in life." The state trial court found this testimony credible and, consequently, concluded that there was "no basis for a for cause challenge and that any nondisclosure of material information by Noah Matthews did not prejudice [Stevens] in any manner."

---

24(C)(9); (14). Defense counsel, at the hearing on the motion for a new trial, focused on the "bias" part of the provision.

Based on the record, and considering the deference given to the state trial court's finding that Matthews did not intentionally omit information, we cannot infer bias. Nor do we find an "extreme situation" under these facts "that would justify a finding of implied bias." *See Smith*, 455 U.S. at 222 (O'Connor, J., concurring). Matthews' circumstances are not comparable to those mentioned by Justice O'Connor, especially considering that Matthews stated he did not know Stevens before trial, and there is no evidence of a familial relationship between Stevens and Fischer.

Finally, Stevens cannot prevail on actual bias. Matthews stated that his sister's murder did not affect his thought process when deciding the case and that he never harbored any ill will against Stevens or Fischer. Stevens argues that Matthews showed bias when he stated that criminals have too many rights and that the solution is to "lock them up." Matthews, however, claimed he had no preconceived notion about how the case should turn out and promised to adhere to the judge's instructions. Thus, the record supports a finding that Matthews did not exhibit a state of mind sufficient to indicate his inability to be entirely impartial. *See Teesh*, 612 F.3d at 437.

The trial court found Matthews credible and determined that he was not biased. This finding was not contrary to, or an unreasonable application of, Supreme Court precedent, nor was it an unreasonable determination in light of the record. *See* § 2254(d)(1)–(2). Moreover, this finding is entitled to "special deference" and the presumption of correctness, and Stevens has not shown otherwise. § 2254(e)(1); *Dennis v. Mitchell*, 354 F.3d 511, 518 (6th Cir. 2003) (internal citations omitted). Stevens therefore fails the second prong of *McDonough*.

Stevens also argues that Matthews was biased because Stevens is related to Fischer, the murderer of Matthews' sister. The State asserts that this argument is procedurally defaulted and, alternatively, that there is no evidence in the record to support it. We agree.

An application for a writ of habeas corpus pursuant to the judgment of a state court shall not be granted unless the applicant exhausted the remedies available in state courts. § 2254(b)(1)(A). "A claim is 'fairly presented' for exhaustion purposes where the petitioner presented both the factual and legal basis for his claim to the state courts." *Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012) (internal citations omitted).

Stevens did not fairly present to the state courts the factual and legal basis of his claim that Matthews was biased because Stevens and Fischer are related. Stevens briefly mentioned this

claim only once in state proceedings, in his memorandum in support of the motion for a new trial. Stevens did not address this issue in either his brief or reply brief filed before the hearing on the motion for a new trial, nor did he do so in his brief or reply brief filed after the hearing. Moreover, Stevens did not file a reply brief in this Court rebutting the State's argument that this claim is procedurally defaulted. Because Stevens did not present these factual allegations and theory in state court proceedings, his claim that Matthews was biased because of the alleged relationship between Stevens and Fischer is procedurally defaulted. *See Hanna*, 694 F.3d at 606.

Even if this claim was not procedurally defaulted, it fails on the merits. There is no evidence in the record, beyond mere word of mouth, to support a familial relationship between Stevens and Fischer. Meyers, in his affidavit in support of the motion for a new trial, stated that, based on information from Stevens and Stevens' mother, he believes Stevens and Fischer are related. When asked at the hearing on the motion for a new trial about his knowledge on the matter, Meyers stated that he "know[s] only what [he] said in that affidavit[,]" that he never had any personal knowledge of the alleged familial relationship, and that he "didn't independently attempt to research [the relationship] in any way, shape, or form." Thus, Stevens' argument that Matthews was biased because Stevens and Fischer are related fails.

### III.

For the foregoing reasons, we **AFFIRM**.